**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,**<br><br>***Plaintiff*,**<br><br>**v.**<br><br>**REAL ESTATE REMEDIATION, LLC;**<br>**GEORGE BLAKENEY;**<br>**GB SERVICES, LLC; and**<br>**G&H VENTURES, LLC,**<br><br>***Defendants*.** | Civ. No. 4:25-cv-00289 (JFJ) |

**PARTIAL CONSENT DECREE**

# TABLE OF CONTENTS


I. BACKGROUND ... 3
II. JURISDICTION AND VENUE ... 4
III. PARTIES BOUND ... 4
IV. OBJECTIVES ... 4
V. DEFINITIONS ... 5
VI. PAYMENTS ... 6
VII. FAILURE TO COMPLY WITH PARTIAL CONSENT DECREE ... 7
VIII. COVENANTS BY UNITED STATES ... 7
IX. COVENANTS BY SETTLING DEFENDANTS ... 9
X. EFFECT OF SETTLEMENT; CONTRIBUTION ... 9
XI. RECORDS ... 10
XII. NOTICES AND SUBMISSIONS ... 11
XIII. INTEGRATION AND APPENDICES ... 12
XIV. SIGNATORIES ... 12
XV. PUBLIC COMMENT AND ENTRY ... 12

## I. BACKGROUND

1. This Partial Consent Decree concerns the Goodrich Asbestos Superfund Site ("Site") located in Miami, Oklahoma and alleged fraudulent transfers made or received by the Defendants.

2. There have been releases or threatened releases of hazardous substances, as defined by section 101(14) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980 ("CERCLA"), at or from the Site.

3. In response to these releases or threatened releases of hazardous substances, the United States Environmental Protection Agency ("EPA") has, under section 104 of CERCLA, performed response actions and has incurred response costs at the Site.

4. The United States of America ("United States") filed on behalf of the Administrator of EPA a complaint in this matter under section 107 of CERCLA, seeking recovery of response costs incurred regarding the Site from Defendant Real Estate Remediation, LLC ("RER"). The complaint also seeks to recover the value of assets that are alleged to have been fraudulently transferred by RER to the other Defendants under the Federal Debt Collection Procedures Act ("FDCPA"), 28 U.S.C. § 3306 and 3307.

5. The United States alleges that:

a. The Site is a "facility" as defined by section 101(9) of CERCLA;

b. RER is a responsible party under section 107(a) of CERCLA and is jointly and severally liable for response costs incurred regarding the Site.

6. The United States further alleges that:

a. RER's CERCLA liability relating to the Site made it a "debtor" to the United States within the meaning of 28 U.S.C. § 3002(4);

b. After EPA completed its response action, RER transferred funds to the Defendants George Blakeney ("Blakeney"), GB Services, LLC ("GB Services"), and G&H Ventures, LLC.

c. RER was insolvent at the time of such transfers to the Defendants and did not receive reasonably equivalent value in exchange for each transfer.

d. For these and other reasons alleged in the complaint, under 28 § 3304, the transfers from RER to the Defendants after RER incurred its CERCLA debt to the United States were fraudulent as to that debt.

7. The United States has determined, based on the Financial Information submitted by RER, Blakeney, and GB Services ("Settling Defendants"), that RER has limited financial ability to pay for response costs incurred at the Site; that GB Services has limited financial

ability to repay the value of the fraudulent transfers it received; and that Blakeney has limited financial ability to repay the value of the fraudulent transfers he received.

8. Settling Defendants do not admit to any liability arising out of the transactions or occurrences alleged by the United States.

9. The United States and Settling Defendants agree, and this Court by entering this Partial Consent Decree finds the following: (a) that this Partial Consent Decree has been negotiated by the Parties in good faith; (b) that settlement of this matter without further litigation and without any further admission or adjudication of any issue of fact or law is appropriate and will avoid prolonged and complicated litigation between the Parties; and (c) that this Partial Consent Decree is fair, reasonable, and in the public interest.

NOW, THEREFORE, it is hereby ORDERED and DECREED:

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331 and 1345, and, as to the CERCLA claim, section 113(b) of CERCLA, and personal jurisdiction over the Parties. Venue lies in this District under section 113(b) of CERCLA and 28 U.S.C. §§ 1391(b), because the Site is located in this judicial district and because the FDCPA claims are closely and necessarily related to the CERCLA claim. This Court retains jurisdiction over the subject matter of this action and over the Parties for the purpose of resolving disputes arising under this Decree, entering orders modifying this Decree, or effectuating or enforcing compliance with this Decree. Settling Defendants may not challenge the terms of this Decree or this Court's jurisdiction to enter and enforce this Decree.

## III. PARTIES BOUND

11. This Decree is binding on the United States and upon each Settling Defendant and upon each of their successors and heirs. Unless the United States otherwise consents, Settling Defendants' obligations under this Decree are not altered by any change in ownership or corporate or other legal status of any Settling Defendant, including any transfer of assets.

12. In any action to enforce this Decree, Settling Defendants may not raise as a defense the failure of any officer, director, employee, agent, contractor, subcontractor, or any person representing Settling Defendants to take any action necessary to comply with this Decree.

## IV. OBJECTIVES

13. The objective of the Parties in entering into this Decree is for Settling Defendants to make a cash payment to resolve (a) RER's alleged civil liability for Past Response Costs under section 107 of CERCLA; (b) Blakeney's alleged civil liability under the FDCPA; and (c) and GB Services's alleged civil liability under the FDCPA, each such resolution being subject to the covenants and reservations in Section VIII.

## V. DEFINITIONS

14. Terms not otherwise defined in this Decree shall have the meanings assigned in CERCLA and the regulations promulgated under CERCLA. Whenever the terms set forth below are used in this Decree, the following definitions apply:

"CERCLA" means the Comprehensive Environmental Response, Compensation, and Liability Act, 42 U.S.C. §§ 9601-9675.

"Partial Consent Decree" or "Partial Decree" means this Partial Consent Decree and all appendices attached hereto (listed in Section XIII). If there is a conflict between a provision in Sections III through XV and a provision in any appendix, the provision in Sections III through XV controls.

"Day" or "day" means a calendar day. In computing any period under this Decree, the day of the event that triggers the period is not counted and where the last day of the period is not a working day, the period runs until the close of business of the next working day. "Working Day" means any day other than a Saturday, Sunday, or federal or State holiday.

"DOJ" means the United States Department of Justice.

"Effective Date" means the date upon which the Court's approval of this Decree is recorded on its docket.

"EPA" means the United States Environmental Protection Agency.

"FDCPA" means the Federal Debt Collection Procedures Act, 28 U.S.C. §§ 3301-08.

"Fund" means the Hazardous Substance Superfund established by section 9507 of the Internal Revenue Code.

"Including" or "including" means "including but not limited to."

"Financial Information" means those financial documents identified in Appendix C.

"Interest" means interest at the rate specified for interest on investments of the Fund, compounded annually on October 1 of each year, in accordance with section 107(a) of CERCLA. The applicable rate of interest will be the rate in effect at the time the interest accrues. The rate of interest is subject to change on October 1 of each year. As of the date of lodging of this Decree, rates are available online at https://www.epa.gov/superfund/superfund-interest-rates.

"Paragraph" or "¶" means a portion of this Decree identified by an Arabic numeral or an upper- or lower-case letter.

"Party" means the United States or a Settling Defendant.

"Parties" means the United States and Settling Defendants.

"Past Response Costs" means all costs, including direct, indirect, payroll, travel, and laboratory costs, that the United States paid in connection with the Site through July 31, 2025, plus all interest on such costs that accrued under section 107(a) of CERCLA through such date.

"RCRA" means the Solid Waste Disposal Act, 42 U.S.C. §§ 6901-6992k (also known as the Resource Conservation and Recovery Act).

"Section" means a portion of this Decree identified by a Roman numeral.

"Settling Defendants" means the parties identified in Appendix A. As used in this Decree, this definition means all Settling Defendants, collectively, and each Settling Defendant, individually.

"Site" means the Goodrich Asbestos Superfund Site, encompassing approximately 47 acres, located at 1000 Goodrich Boulevard, Miami, Oklahoma 74354, and depicted generally on the map attached as Appendix B.

"State" means the State of Oklahoma.

"United States" means the United States of America and each department, agency, and instrumentality of the United States, including EPA.

"Waste Material" means (a) any "hazardous substance" under section 101(14) of CERCLA; (b) any pollutant or contaminant under section 101(33) of CERCLA; or (c) any "solid waste" under section 1004(27) of RCRA.

## VI. PAYMENTS

15. **Payment to EPA**. Within 14 days after the Effective Date, Settling Defendants shall pay EPA $20,000.

16. **Interest.** If the payment required by ¶ 15 is not made within 14 days after the Effective Date, Settling Defendants shall pay Interest on the unpaid balance, with such Interest commencing on the 15th day after the Effective Date and accruing through the date of the payment.

17. **Instructions for Payment**. The Financial Litigation Unit ("FLU") of the United States Attorney's Office for the Northern District of Oklahoma shall provide to Settling Defendants instructions for making payments, including a Consolidated Debt Collection System ("CDCS") reference number, and a calculation of accrued interest, if any. Settling Defendants shall make such payment by FedWire Electronic Funds Transfer ("EFT") in accordance with the FLU's instructions including references to the CDCS Number. Settling Defendants shall send notice of the payment to DOJ and EPA.

18. **Deposit of Payments**. EPA may deposit the amounts paid under ¶ 15 in the Fund.

## VII. FAILURE TO COMPLY WITH PARTIAL CONSENT DECREE

19. If any amounts due under ¶ 15 (Payment to EPA) are not paid by the required date, Settling Defendants shall pay to EPA as a stipulated penalty $500 per day that such payment is late. Settling Defendants shall make payment at https://www.pay.gov using the link for "EPA Miscellaneous Payments Cincinnati Finance Center," including references to the Site/Spill ID and DJ numbers listed in ¶ 36, and the purpose of the payment. Settling Defendants shall send a notice of any such payment to DOJ and EPA. The payment of stipulated penalties and Interest by Settling Defendants, if any, does not alter any obligation by Settling Defendants under the Decree.

20. Penalties will accrue in accordance with this Section regardless of whether EPA has notified Settling Defendants of the violation or made a demand for payment, but the penalties must be paid upon demand. Nothing in this Decree prevents the simultaneous accrual of separate penalties for separate violations of this Decree. If the United States brings an action to enforce this Decree, Settling Defendants shall reimburse the United States for all costs of such action, including the costs of attorney time. Payments made under this Section are in addition to any other remedies or sanctions available to the United States due to Settling Defendants' failure to comply with the requirements of this Decree.

21. The obligations of Settling Defendants to pay amounts due under this Decree are joint and several. In the event of the failure of any one or more Settling Defendants to make the payments required under this Decree, the remaining Settling Defendants are responsible for such payments.

22. The United States may, in its unreviewable discretion, waive any portion of stipulated penalties that have accrued under this Decree.

## VIII. COVENANTS BY UNITED STATES

23. **Covenants**. Subject to ¶¶ 24 and 25, the United States covenants not to sue (a) RER under section 107(a) of CERCLA regarding Past Response Costs or to take administrative action against RER under sections 106 and 107(a) of CERCLA regarding the Site; (b) Blakeney for the civil claims under the FDCPA alleged against him in the complaint filed in this action; and (c) GB Services for the civil claims under the FDCPA alleged against it in the complaint filed in this action.

24. The following apply to the covenants under ¶ 22: (a) they take effect on the Effective Date; (b) they are conditioned, respectively, on the satisfactory performance by Settling Defendants of the requirements of this Decree; (c) they extend to the successors of each Settling Defendant but only to the extent that the alleged liability of the successor of the Settling Defendant is based solely on its status as a successor of the Settling Defendant; and (d) they do not extend to any other person.

25. **General Reservations**. Notwithstanding any other provisions of this Decree, the United States reserves, and this Decree is without prejudice to, all rights against Settling

Defendants, and this Decree is without prejudice to, all rights against Settling Defendants regarding:

a. liability for failure by a Settling Defendant to meet a requirement of this Decree;

b. liability for costs incurred or to be incurred by the United States that are not within the definition of Past Response Costs;

c. liability arising from the past, present, or future disposal, release, or threat of release of Waste Material outside of the Site;

d. liability based on the ownership or operation at the Site by a Settling Defendant when such ownership or operation commences after such Settling Defendant signs this Decree;

e. liability based on a Settling Defendant's transportation, treatment, storage, or disposal, or arrangement for transportation, treatment, storage, or disposal of Waste Material at or in connection with the Site, after such Settling Defendant signs this Decree;

f. liability for damages for injury to, destruction of, or loss of natural resources, and for the costs of any natural resource damage assessments; and

g. criminal liability.

26. **Ability-To-Pay Certification and Reservation**

a. Each undersigned representative of Settling Defendants certifies that the respective Settling Defendant: (1) has submitted to EPA financial information that fairly, accurately, and materially sets forth its financial circumstances, and those circumstances have not materially changed between the time the financial information was submitted to EPA and the date that Settling Defendant signed this Decree; and (2) has fully disclosed any information regarding the existence of any insurance policies or indemnity agreements that may cover claims regarding cleanup of the Site, and submitted to EPA upon request such insurance policies, indemnity agreements, and information.

b. The covenants under ¶ 22 are conditioned for each Settling Defendant on the veracity and the completeness of the Financial Information provided to EPA by each Settling Defendant and the financial, insurance, and indemnity certification made by such Settling Defendant in ¶ 25.a. If the Financial Information provided by each Settling Defendant, or the financial, insurance, or indemnity certification made by each Settling Defendant pursuant to ¶ 25.a is subsequently determined by EPA to be false or, in any material respect, inaccurate: (a) Settling Defendants shall forfeit all payments made under this Decree, and (b) the following shall be null and void: (*i*) the covenants as to the Settling Defendants, and (*ii*) for RER, the contribution protection provided under this Decree. Such forfeiture shall not constitute liquidated damages and shall not in any way foreclose the United States' right to pursue any other claims arising from that Settling Defendant's false or materially inaccurate information. The United

States reserves, and this Decree is without prejudice to, the right to reinstitute or reopen this action or to commence a new action seeking relief other than as provided in this Decree, regarding a Settling Defendant, if the Financial Information provided by such Settling Defendant, or the financial, insurance, or indemnity certification made by such Settling Defendant in ¶ 25.a, is false or, in any material respect, inaccurate.

## IX. COVENANTS BY SETTLING DEFENDANTS

27. **Covenants by Settling Defendants**

a. Subject to ¶ 27, each Settling Defendant covenants not to sue and shall not assert any claim against the United States under CERCLA, section 7002(a) of RCRA, the FDCPA, the United States Constitution, the Tucker Act, 28 U.S.C. § 1491, the Equal Access to Justice Act, 28 U.S.C. § 2412, or at common law regarding the Site or the transfers alleged in the complaint.

b. Subject to ¶ 27, Settling Defendants covenant not to seek reimbursement from the Fund under CERCLA or any other law for all past response actions regarding the Site.

28. **Settling Defendants' Reservation**. The covenants in ¶ 26 do not apply to any claim brought or order issued by the United States after the Effective Date to the extent such claim or order is within the scope of a reservation under ¶¶ 24.a through 24.e or ¶ 25.

## X. EFFECT OF SETTLEMENT; CONTRIBUTION

29. The Parties agree and this Court finds the following: (a) that the complaint filed by the United States in this action is a civil action within the meaning of section 113(f)(1) of CERCLA; (b) that this Decree constitutes a judicially-approved settlement under which RER has, as of the Effective Date, resolved liability to the United States within the meaning of sections 113(f)(2) and 113(f)(3)(B) of CERCLA; and (c) that RER is entitled, as of the Effective Date, to protection from contribution actions or claims as provided by section 113(f)(2) of CERCLA, or as may be otherwise provided by law, for the "matters addressed" in this Decree. The "matters addressed" in this Decree are all response actions taken or to be taken and all response costs incurred or to be incurred, at or in connection with the Site, by the United States or any other person, provided, however, that if the United States brings a claim against RER under a reservation in ¶¶ 24.a through 24.e or ¶ 25, the "matters addressed" in this Decree do not include those response costs or response actions that are within the scope of the claim.

30. Each Settling Defendant shall, with respect to any suit or claim brought by it for matters related to this Decree, notify EPA and DOJ and the State in writing no later than 60 days prior to the initiation of such suit or claim. Each Settling Defendant shall, with respect to any suit or claim brought against it for matters related to this Decree, notify EPA and DOJ and the State within 10 days after service of the complaint on such Settling Defendant. In addition, each Settling Defendant shall notify EPA and DOJ and the State within 10 days after service or receipt of any Motion for Summary Judgment and within 10 days after receipt of any order from a court setting a case for trial.

31. **Res Judicata and Other Defenses**. In any subsequent administrative or judicial proceeding initiated by the United States for injunctive relief, recovery of response costs, or other relief relating to the Site, Settling Defendants shall not assert, and may not maintain, any defense or claim based upon the principles of waiver, res judicata, collateral estoppel, issue preclusion, claim-splitting, or other defenses based upon any contention that the claims raised by the United States in the subsequent proceeding were or should have been brought in the instant case.

32. Nothing in this Decree diminishes the right of the United States under section 113(f)(3) of CERCLA to pursue any person not a party to this Decree to obtain additional response costs or response action and to enter into settlements that give rise to contribution protection pursuant to section 113(f)(2).

## XI. RECORDS

33. **RER's Certification**. RER certifies the following: (a) to the best of its knowledge and belief, after thorough inquiry, it has not altered, mutilated, discarded, destroyed or otherwise disposed of any documents and electronically stored information relating to its potential liability under CERCLA regarding the Site since the earlier of notification of potential liability by the United States or the filing of suit against it regarding the Site; and (b) that it has fully complied with any and all EPA requests for information under sections 104(e) and 122(e) of CERCLA, and section 3007 of RCRA.

34. **Retention of Records and Information**

a. RER shall retain and instruct its contractors and agents to retain all documents and electronically stored data ("Records") regarding its liability under CERCLA regarding the Site until 10 years after the Effective Date ("Record Retention Period").

b. RER shall maintain Records that were originally created in an electronic format in their native format or in a reasonably accessible format and shall keep them reasonably organized. Unmarked paper printouts of electronic records maintained in accordance with this paragraph will be considered duplicates or convenience copies and need not be preserved.

c. Any Record originally created in paper format may be discarded if RER creates an electronic copy of the Record following the standards applicable for digitizing permanent federal records under 36 C.F.R. § 1236.40 through § 1236.56. The digitized copy of such Record must be retained in accordance with this Section and is admissible to the same extent as the original paper Record.

d. At the end of the Record Retention Period, RER shall notify EPA that it has 90 days to request the Settling Defendant's Records subject to this Section. RER shall retain and preserve its Records subject to this Section until 90 days after EPA's receipt of the notice. These record retention requirements apply regardless of any corporate record retention policy.

35. If requested, RER shall provide to EPA the originals or copies of all Records and information required to be retained under this Section. RER shall also make available to EPA,

for purposes of investigation, information gathering, or testimony, their employees, agents, or representatives with knowledge of relevant facts concerning the Site.

36. **Privileged and Protected Claims**

a. RER may assert that all or part of a Record requested by the United States under this Section is privileged or protected as provided under federal law, in lieu of providing the Record, provided RER complies with ¶ 33.b, and except as provided in ¶ 35.b.

b. If RER asserts a claim of privilege or protection, it shall provide the United States with the following information regarding such Record: its title; its date; the name, title, affiliation (e.g., company or firm), and address of the author, of each addressee, and of each recipient; a description of the Record's contents; and the privilege or protection asserted. If a claim of privilege or protection applies only to a portion of a Record, RER shall provide the Record to the United States in redacted form to mask the privileged or protected portion only. Settling Defendant shall retain all Records that it claims to be privileged or protected until the United States has had a reasonable opportunity to dispute the privilege or protection claim and any such dispute has been resolved in Settling Defendant's favor.

37. **Confidential Business Information (CBI) Claims**. RER may claim that all or part of a Record provided to the United States under this Section is CBI to the extent permitted by and in accordance with section 104(e)(7) of CERCLA and 40 C.F.R. § 2.203(b). RER shall segregate and clearly identify all Records or parts thereof submitted under this Decree that RER claims are CBI by labeling each page or each electronic file "claimed as confidential business information" or "claimed as CBI." Records that RER identifies as CBI will be afforded the protection specified in 40 C.F.R. part 2, subpart B. If no claim of CBI accompanies Records when they are submitted to the United States, or if the United States has notified RER that the Records are not entitled to confidential treatment under the standards of section 104(e)(7) of CERCLA or 40 C.F.R. part 2, subpart B, the public may be given access to such Records without further notice to Settling Defendant.

38. Notwithstanding any provision of this Decree, the United States retains all of its information gathering and inspection authorities and rights, including enforcement actions related thereto, under CERCLA, RCRA, and any other applicable statutes or regulations.

## XII. NOTICES AND SUBMISSIONS

39. All approvals, notices, requests, and other deliverables specified in this Decree must be in an electronic writing. Whenever a notice is required to be given, or a deliverable is required to be sent, by one Party to another Party under this Decree, it must be sent via email as specified below. All notices under this Section are effective upon receipt. There is a rebuttable presumption that emailed notices are received on the same day that they are sent. Any Party may change the person or email address applicable to it by providing notice of such change to all Parties.

As to DOJ: eescdcopy.enrd@usdoj.gov<br>Re: DJ # 90-11-3-12566

As to EPA: johnson.lydia@epa.gov
Re: Site/Spill ID # A6MK

As to Settling Defendants: Albert G. Lewis III, Esq.
535 Jack Warner Parkway NE
Suite L1
Tuscaloosa, AL 35401
agl@llfattorneys.com

## XIII. INTEGRATION AND APPENDICES

40. This Decree constitutes the entire agreement among the Parties regarding the subject matter of the Decree and supersedes all prior representations, agreements, and understandings, whether oral or written, regarding the subject matter of the Decree.

41. The following appendices are attached to and incorporated into this Decree:

"Appendix A" is the list of Settling Defendants.

"Appendix B" is the map of the Site.

"Appendix C" is the list of Financial Information.

## XIV. SIGNATORIES

42. The undersigned representative of the United States and each undersigned representative of a Settling Defendant certifies that they are fully authorized to enter into the terms and conditions of this Decree and to execute and legally bind such Party to this document.

## XV. PUBLIC COMMENT AND ENTRY

43. This Decree is subject, after lodging with the Court, to a public comment period of at least 30 days. The United States may modify or withdraw its consent to this Decree if comments received disclose facts or considerations that indicate that this Decree is inappropriate, improper, or inadequate.

44. Settling Defendants shall not oppose or appeal the entry of this Decree. If for any reason the Court should decline to approve this Decree in the form presented, this agreement, except for the previous sentence, is voidable at the sole discretion of any Party and its terms may not be used as evidence in any litigation among the Parties.

45. Upon entry of this Partial Consent Decree by the Court, this Partial Consent Decree constitutes a final judgment as to the Parties. The Court finds that there is no just reason for delay and therefore enters this judgment as a final judgment under Fed. R. Civ. P. 54 and 58.

So ORDERED this _6th_ day of _October_, 2026.

JODI F JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

Signature Page for Partial Consent Decree Regarding the Goodrich Asbestos Superfund Site

**FOR THE UNITED STATES**:

ADAM R.F. GUSTAFSON
Principal Deputy Assistant Attorney General
U.S. Department of Justice
Environment and Natural Resources Division

07/28/26
Date

/s/ Jonah Seligman
Jonah Seligman
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources
Division Environmental Enforcement
Section

Thomas S. Rosso
Trial Attorney
U.S. Department of Justice
Environment and Natural Resources
Division Environmental Enforcement
Section

CHRISTOPHER J. NASSAR
United States Attorney
Northern District of Oklahoma

Kristin Harrington
Assistant United States Attorney
Northern District of Oklahoma

Signature Page for Partial Consent Decree Regarding the Goodrich Asbestos Superfund Site

**FOR THE U.S. ENVIRONMENTAL PROTECTION AGENCY:**

Digitally signed by CRAIG CARROLL
Date: 2026.07.22 09:07:25 -05'00'

07/22/2026
Date

Craig G. Carroll
Director, Superfund and Emergency Management Division
U.S. EPA, Region 6

Matthew Miller
Assistant Regional Counsel
U.S. Environmental Protection Agency, Region 6

Signature Page for Partial Consent Decree Regarding the Goodrich Asbestos Superfund Site

**FOR** Real Estate Remediation LLC

5/19/26
Date

Name George R. Blakeney
Title Sole Member
Address 2147 Fredericksburg Dr.
Tuscaloosa AL 35406

Signature Page for Partial Consent Decree Regarding the Goodrich Asbestos Superfund Site

**FOR** GB Services LLC

5/19/26
Date

Name George R. Blakeney
Title Sole Member
Address 2147 Fredericksburg Dr.
Tuscaloosa AL 35406

Signature Page for Partial Consent Decree Regarding the Goodrich Asbestos Superfund Site

**FOR** George R. Blakeney

5/19/26
Date

[signature]
Name George R. Blakeney
Title
Address 2147 Fredericksburg Dr.
Tuscaloosa AL 35406

Appendix A: List of Settling Defendants

Settling Defendants

1. Real Estate Remediation, LLC
2. George Blakeney
3. GB Services, LLC

Appendix B: Site Maps




FILE: G:\EPA\Region 6 START IV\Superfund\Goodrich Asbestos\mxd\Figure 1-1 Site Location Map.mxd 1:36:11 PM 5/28/2020 deguentm




FILE: G:\EPA\Region 6 START IV\Superfund\Goodrich Asbestos\mxd\Figure 1-2 Site Area Map.mxd 1:53:51 PM 5/28/2020 deguentm


OKLAHOMA
LEGEND
Air Sampling/Monitoring Location
Intermittent Surface Water Drainage
Surface Water Flow Direction
Concrete Pad Boundary
Study Area Boundary
Utility Pit Boundary
Removal of Hazardous Materials - Phase II
Asbestos Abatement/Removal - Phase II
Debris Pile Removal - Phase I
Demolished Buildings - Phase I
Residential Areas
0
300
600
FEET
SOURCE: © GOOGLE EARTH, 2018
USEPA REGION 6
FIGURE 3-2
SITE REMOVAL MAP
GOODRICH ASBESTOS
1000 GOODRICH BLVD
MIAMI, OTTAWA COUNTY, OKLAHOMA
DATE
MAY 2020
SCALE
AS SHOWN
NICHOLS ELEMENTARY SCHOOL
WILL ROGERS MIDDLE SCHOOL
MIAMI HEAD START SCHOOL
CARBON BLACK TANK
OVEN BUILDING
BANBURY MIXERS
POWERHOUSE BUILDING
CONEX BOX
NORTH STORAGE TANK
DECONTAMINATION PAD
OFFICE TRAILERS
BRICK OFFICE BUILDING
FORMER MANUFACTURING WAREHOUSE BUILDING
PRIVATE PROPERTY
FORMER RAIL SPUR
AUTOCLAVE AREA
Goodrich Blvd
14th Ave NW
13th Ave NW
11th Ave NW
16th Ave NW
17th Ave NW
18th Ave NW
19th Ave NW
Coyne Ave
E St NW
F St NW
G St NW
H St NW
I St NW
J St NW
K St NW
L St NW
M St NW
N St NW
O St NW
P St NW
01
02
03
04
05
DPA-01
DPA-02
DPA-03
DPA-04
DPA-05
DPA-06
DPA-07
DPA-08
DPA-09
DPA-10
DPA-11
DPA-12
DPA-13
DPA-14
DPA-15
DPA-16
DPA-17
DPA-18
DPA-19
DPA-20
UP-01
UP-02
UP-03
UP-04
UP-05
UP-06
UP-07

Appendix C: List of Financial Information

Financial Information for Real Estate Remediation, LLC

1. Real Estate Remediation, LLC's ("RER's") Responses to CERCLA 104(e) Information Requests.

Financial Information Provided by George Blakeney

1. George Blakeney's Responses to CERCLA 104(e) Information Requests
2. George Blakeney INDIPAY Financial Data Request Forms for 2022-2025;
3. George Blakeney's Responses to Ability to Pay Information Requests Dated July 2, 2025; January 6, 2026; March 11, 2026; and March 27, 2026; and
4. George Blakeney Federal Income Tax Returns for 2020-2022.

Financial Information for GB Services, LLC

1. GB Services, LLC's ("GB Services's") Responses to CERCLA 104(e) Information Requests; and
2. GB Services's Responses to Responses to Ability to Pay Information Requests Dated August 21, 2025; January 6, 2026; and March 11, 2026.